UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TODD CROSS,

                        Plaintiff,

v.                                                      Civil Action No. _____

SKY RECOVERY SERVICES, LTD.,

                        Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Todd Cross is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Sky Recovery Services, LTD., (hereinafter "Sky") is a foreign limited partnership organized and existing under the laws of the State of Texas and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a debt to Brierwood Country Club. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief, Defendant was employed by Brierwood Country Club to collect on the subject debt.

13. That in or about February, 2010, Defendant began calling Plaintiff multiple times per week in an attempt to collect on the subject debt.

14. That in or about February, 2010, Defendant attempted to contact Plaintiff at his place of employment. Defendant spoke with receptionist Tara Gillen. Defendant requested that Ms. Gillen give Plaintiff a message to call Defendant back and left a contact number. Defendant at no point attempted to correct or confirm contact information of Plaintiff.

15. That in or about February, 2010, Plaintiff received Defendant's message and returned the call. When Plaintiff placed the call no one answered. The phone just continued to ring and without an answering machine or voicemail messaging system picking up, there was no way for Plaintiff to leave a message.

16. That in or about February, 2010, after several attempts, Plaintiff finally was able to contact Defendant from his cellular phone. Plaintiff informed Defendant that it was inconvenient for him to receive calls at his place of employment, and that calls to his office were reserved for his business contacts. Plaintiff requested that Defendant stop all calls to his place of employment because it was forbidden by his employer and requested Defendant to only contact him on his cell phone. Plaintiff also informed Defendant that he was working directly with Brierwood to resolve the debt.

17. That in or about March, 2010, Defendant again called Plaintiff's place employment and spoke with receptionist Tara Gillen. Defendant representative "Steven Taylor" asked to speak with Plaintiff and Ms. Gillen informed him that Plaintiff was not available. Defendant rudely stated that he left a message for him on his cellular telephone and did not receive a call back, and that it was imperative he speak with Plaintiff because it was regarding a lawsuit. Defendant then stated that they were in the beginning stages of

2

pursuing legal action and that it was in the best interest of Plaintiff to call back. That Defendant's statements to Plaintiff's co-worker, Ms. Gillen, indicated that the communication was concerning the debt collection business and that Plaintiff owed a debt. Prior to Defendant's communication, Ms. Gillen was not aware that Plaintiff owed a debt.

18. That in or about March, 2010, Plaintiff was informed about the second communication from Defendant to his place of employment and immediately contacted Defendant. Plaintiff spoke with Defendant representative "Steven Taylor," identified himself, and asked who had called and spoke with his co-worker. Defendant immediately hung up on Plaintiff. Plaintiff then called Defendant back. Plaintiff asked if he was hung up or inadvertently disconnected. Defendant replied, "Are you going to continue talking to me like a child?" Plaintiff responded that he only wanted to know who was yelling at his co-worker, and Defendant again hung up on Plaintiff. Plaintiff again called Defendant back. Defendant then stated, "You obviously have no interest in resolving this matter and I will be pursuing legal action." Thereafter the conversation was terminated.

19. That in or about April, 2010, Defendant again called Plaintiff's place of employment. Defendant failed to identify himself and only stated that they were calling Plaintiff about his "application" to Brierwood County Club, and left a number for Plaintiff to return their call. The number left at Plaintiff's place of employment was a telephone number for Defendant. Plaintiff called back Defendant that same day. In the subject conversation, Defendant told Plaintiff that if they did not hear back from Defendant before the end of the day to settle the subject debt, something would be put on his credit report. Thereafter, the subject conversation was terminated.

20. That in or about April, 2010, Defendant called Plaintiff on his cellular telephone and asked for Plaintiff's attorney contact information. Plaintiff provided said information to Defendant representative, and Defendant then assured Plaintiff that the calls regarding the subject debt would cease.

21. That in or about April, 2010, after Defendant had knowledge that Plaintiff was represented by an attorney and after the telephone call that is reiterated in paragraph 20, Defendant again called Plaintiff on his cellular telephone. Plaintiff again gave his attorney contact information, and the call was terminated.

22. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

23. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 22 above.

24. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692b(1) by contacting Plaintiff's co-worker in February, 2010, March, 2010, and April, 2010 and failing to state that Defendant was calling to correct or confirm location information of Defendant.

    B. Defendant violated 15 U.S.C. §1692b(5) by contacting Plaintiff's co-worker in March, 2010, and using language that indicated to Plaintiff's co-worker that the communication concerned the debt collection business.

    C. Defendant violated 15 U.S.C. §1692c(a)(1) and 15 U.S.C. §1692c(a)(3) by attempting to contact Plaintiff at his place of employment in March, 2010, and April, 2010, when Defendant knew such calls to be inconvenient to Plaintiff and forbidden by his employer.

    D. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(4), and 15 U.S.C. §1692e(5) by stating to Plaintiff's co-worker in March, 2010, that it was imperative Defendant speak with Plaintiff because it was regarding a lawsuit, and that they were in the beginning stages of pursuing legal action. That Plaintiff understood Defendant's aforementioned statements, and the "least sophisticated consumer", as that term is defined by law, would have understood said statements to imply that Defendant would commence legal/adverse actions against Plaintiff or his property unless he submitted to Defendant's demands, including calling back before the deadlines arbitrarily set by Defendant. That Defendant had no intent to commence legal action against Plaintiff, and as such it was a false, deceptive, and misleading representation in an attempt to collect the subject debt.

    E. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(4), and 15 U.S.C. §1692e(5) by stating to Defendant in March, 2010, that Plaintiff was not interested in resolving the matter and that legal action would be pursued. That Plaintiff understood Defendant's aforementioned statements, and the "least sophisticated consumer", as that term is defined by law, would have understood said statements to imply that Defendant would commence legal/adverse actions against Plaintiff or his property unless he submitted to Defendant's demands. That Defendant had no intent to commence legal action against Plaintiff, and as such it was a false, deceptive, and misleading representation in an attempt to collect the subject debt.

    F. Defendant violated 15 U.S.C. §1692d by hanging up on Plaintiff multiple times in March, 2010. The natural consequence of such conduct was to harass, oppress, and abuse the Plaintiff.

    G. Defendant violated 15 U.S.C. §1692e(8) by stating to Plaintiff in April, 2010, that if Defendant did not hear back from Plaintiff that day something would be put on his credit report.

    H. Defendant violated 15 U.S.C. §1692c(a)(2) by contacting Plaintiff after knowing that Plaintiff was represented by an attorney.

25. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

    (a) Actual damages;

    (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

    (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: April 27, 2010

/s/ Kimberly T. Irving
Kenneth R. Hiller, Esq.
Kimberly T. Irving, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
       kirving@kennethhiller.com